UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BABOVICH, SPEDALE, & CHAUVIN, PLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-6247** |
| **TRANSPORTATION INSURANCE COMPANY, ET AL.** | **SECTION "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **GRANTED**. Plaintiff's request for attorneys' fees is **DENIED.** (Rec. Doc. 4).

### BACKGROUND

On August 25, 2006, the plaintiff, Babovich, Spedale & Chauvin, PLC, filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana against its insurance agent, Gillis, Ellis & Baker, Inc. and Member Companies of CNA, Continental Casualty Company, and Transportation Insurance Company, the insurance companies that issued a business interruption insurance policy to plaintiff. In that suit, plaintiff alleges that it purchased business interruption insurance through its agent, and although it sustained business interruption as a result of Hurricane Katrina, defendants have failed to fairly and fully adjust the claim.

On September 21, 2006, defendants removed the case to this Court arguing that complete diversity exists under 28 U.S.C. § 1332 because no cause of action exists against the agent, a

Louisiana entity, and the agent is improperly joined. Plaintiff filed a motion to remand which is now before this Court.

## DISCUSSION

### A. Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*.

### B. Improper joinder

Plaintiff contends that the agent's Louisiana citizenship should be considered in determining

2

if the parties are diverse because it has stated a cause of action against the agent. Defendants argue that the agent is improperly joined because the claims against it are perempted.

**1)      Cause of Action**

Defendants contend that diversity jurisdiction exists because no cause of action exists against the Louisiana agent. Plaintiff alleges that its comptroller, Terrie Landry, communicated with the agent in 2005 to ensure that plaintiff's business interruption coverage was sufficient. Plaintiff submits that Landry spoke with the agent in April of 2005 to discuss in detail the plaintiff's business interruption coverage.[1] Further, Landry was informed of certain activities that were covered;[2] she was assured that coverage would continue for 12 months if operations were below pre-event level;[3] and the agent warranted Landry's assumption that plaintiff was properly insured, and the correct coverage was acquired.[4]

Under Louisiana law, an insurance agent has a general duty to use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. *Southern Athletic Club, LLC v. Hanover Ins. Co.*, 2006 WL 2583406 at *4 (E.D.La. Sept. 9, 2006)(citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d. 728, 730-31 (La.1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id*. However, an insurance agent's duty can be greater than merely

---

[1] Affidavit of Landry, at p. 2, ¶¶ 8 & 10, attached to plaintiff's motion to remand as exhibit A.

[2] *Id*. at ¶ 11.

[3] *Id*. at ¶¶ 12-13.

[4] *Id*. at ¶¶ 15-16.

3

procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. *Id*. (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, No. 01-1243, (La. App. 3d Cir. 06/26/02); 821 So.2d 769, 773).

The allegations are sufficient to survive a 12(b)(6) challenge for failure to state a claim that the agent assumed a duty greater than merely procuring insurance and was negligent in performing the requested services.

**2)    Peremption**

La.Rev.Stat. § 9:5606 provides in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based in tort, or breach of contract, or otherwise, arising out of an engagement to provide services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect, is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest three years from the date of the alleged act omission, or neglect.

Plaintiff argues that it did not learn that coverage was insufficient until after it filed a claim after Hurricane Katrina. It argues that it specifically sought information about the business-interruption coverage, and based on the agent's representations, it was lulled into complacency in 2005. Plaintiff further contends that various aspects of the policy changed each year from 2001 to 2005, including changes in rates, insured premises, deductibles, coverages, and exclusions.

Defendants allege that the plaintiff had a duty to read its policy, and Landry's affidavit demonstrates that she reviewed the policy after talking to the agent and believed the agent's

representations were true.[5] Landry further admits that she has periodically reviewed plaintiff's insurance coverage for years.[6] Moreover, defendants assert that they have provided business interruption coverage to plaintiff since before 2001, and the business interruption coverage has not changed. According to the defendants, the latest, plaintiff should have known that business interruption coverage was insufficient when it reviewed the policy at the last renewal in June 2005.

Generally, subsequent renewals of insurance policies "do not operate to restart peremption." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 at *8 (E.D. La.2006) (citing *Biggers v. Allstate Insurance Co.*, 886 So.2d 1179, 1182-83 (La. App.5th Cir. 2004)). "In order for each renewal to be the basis of a separate tort, the complained of conduct must consist of separate and distinct acts, each of which gives rise to immediately apparent damages." *Biggers*, 886 So.2d at 1182; *see also Sonnier v. Louisiana Farm Bureau Mutual Ins. Co.*, 924 So.2d 419, 422 (La. App. 3d Cir. 2006) (a renewal may constitute a separate act if an insured requests specific coverage at the time of renewal).

The Court finds that the defendants have not established that there is no reasonable basis to predict that the 2005 renewal of the policy was not a separate and distinct act from the original purchase of the policy. The affidavit of Landry sets forth specific details of her discussions in April 2005 regarding the business interruption coverage, and asserts that the representations made warranted the assumption of being properly insured in the requested amounts. Plaintiff only discovered that the business-interruption coverage was insufficient after Hurricane Katrina when it filed a claim with the defendants. Plaintiff's suit on August 25, 2006 was filed within the peremptive period of La. Rev. Stat. § 9:5606.

---

[5]*Id.* at p. 2, ¶ 16.

[6]*Id.* at p. 1.

### C.  Attorneys' fees

Plaintiff's request for attorneys' fees is denied. Unless unusual circumstances are present, courts may award attorneys' fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir.2004); *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir.2000). The removal in this case was not objectively unreasonable. Thus, the court declines the request to grant attorneys' fees.

### CONCLUSION

For the forgoing reasons, plaintiff's motion to remand is **GRANTED**, and the request for attorneys' fees is **DENIED**.

New Orleans, Louisiana, this __21st__ day of March, 2007.

 _____
 **MARY ANN VIAL LEMMON
 UNITED STATES DISTRICT JUDGE**